RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

LANDON M. YOST, CA Bar No. 267847
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-2144 (v)
202-307-0054 (f)
Landon.M.Yost@usdoj.gov

Of Counsel:
BART M. DAVIS, ID Bar No. 2696
United States Attorney
District of Idaho

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　) | Case No. 4:19-cv-108 |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　Plaintiff,　　　　　　) | **COMPLAINT** |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　v.　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| C. LYNN MOSES; and　　　　　　　) | |
| RANDY A. BURNSIDE,　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　Defendants.　　　　　) | |
| _____) | |

The plaintiff, the United States of America, complains and alleges as follows:

**<u>INTRODUCTION</u>**

1.　　　　This is a civil action timely brought by the United States to: (i) reduce to

judgment the outstanding federal tax assessments against C. Lynn Moses; (ii) find that a parcel

of real property (the "Subject Property"), located in Teton County, Idaho, described more

completely below, is held by a nominee/alter-ego/constructive trust of Mr. Moses; (iii) to

foreclose federal tax liens on the Subject Property; and (iv) to sell the Subject Property, and

distribute the proceeds from such sale in accordance with the Court's findings as to the validity

and priority of the liens and claims of all parties.

## AUTHORIZATION FOR SUIT

2.      This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402, and 7403 at the

direction of the Attorney General of the United States and at the request, and with the

authorization of, the Chief Counsel of the Internal Revenue Service (the "IRS"), a delegate of

the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340

and 1345, and 26 U.S.C. §§ 7402 and 7403.

4.      Venue properly lies in in the District of Idaho pursuant to 28 U.S.C. §§ 1391 and

1396, because Defendants Moses and Burnside reside in the District of Idaho and because the

Subject Property at issue is located within the District of Idaho.

## DEFENDANTS

5.      Defendant C. Lynn Moses resides at 8033 E. 113 N., Idaho Falls, ID 83401,

within this judicial district, and is made a party to this suit because he has unpaid federal tax

liabilities, because the United States has federal tax liens against him, and because he has an

ownership interest in the Subject Property.

6.      Defendant Randy A. Burnside resides at 1251 W. 2000 S., Driggs, ID 83422,

within this judicial district, and is made a party to this suit because he may claim an interest in

Subject Property.

## THE SUBJECT PROPERTY

7.      The United States seeks to foreclose federal tax liens against real property that is

commonly known as 766 N. Highway 33, Driggs, ID, 83422, and legally described as follows:

> Beginning at a point 110 feet North of the Southeast corner of NE ¼ NW ¼ of Section 26, Township 5 North, Range 45 East, Boise Meridian, Teton County, Idaho, and running thence South 110 feet; thence West 585 feet, more or less, to the East boundary of the Union Pacific Railroad right of way; thence Northwesterly along said right of way boundary 114 feet, more or less, to a point directly West of the point of beginning; thence East 600 feet, more or less, to the point of beginning.

("Subject Property").

8.      The Subject Property consists of two tracts. Tract I is legally described as

follows:

> Beginning at a point 110 feet North of the Southeast corner of the NE ¼ and NW ¼ of Section 26, Township 5 North, Range 45 East, Boise Meridian, Teton County, Idaho, and running thence South 110 feet; thence West 200 feet; thence North 110 feet; thence East 200 feet to the point of beginning.

9.      Tract II is legally described as follows:

> Beginning at a point 200 feet West and 110 feet North of the Southeast corner of the NE ¼ NW ¼ of Section 26, Township 5 North, Range 45 East, Boise Meridian, Teton County, Idaho, the True Point of Beginning; thence South 110 feet; thence West 385.5 feet more or less to the East Boundary of the Union Pacific Railroad right of way; thence Northwesterly along said right of way boundary 114 feet, more or less, to a point directly West of the Point of Beginning; thence East 400 feet more or less to the True Point of Beginning.

10.      By Warranty Deed recorded May 23, 1975, David and Janice Hartshorn

conveyed the Subject Property to Defendant C. Lynn Moses and Susan G. Moses. At the time of

this transfer, Susan Moses was C. Lynn Moses's wife. She is now deceased.

11.      By Deed of Trust recorded January 19, 1979, C. Lynn and Susan Moses

conveyed an interest in Tract I to Valley Bank secure the sum of $59,500 in indebtedness.

12.     By Deed of Trust recorded March 9, 1982, C. Lynn and Susan Moses conveyed an interest in Tract I to Valley Bank to secure the sum of $17,948.68 in indebtedness.

13.     By Assignment of Deed of Trust recorded September 19, 1986, First Security Realty Services Corporation assigned the Deed of Trust referred to in paragraph 11, above, to Lomas and Nettleton Company

14.     By Trustee's Deed recorded February 19, 1988, Tract I was conveyed to Valley Bank pursuant to a default on the mortgage described in paragraph 11, above.

15.     By Warranty Deed recorded October 19, 1990, C. Lynn and Susan Moses purported to convey Tract II to Randy and Nelda Burnside. Nelda Burnside is now deceased.

16.     By Warranty Deed recorded October 19, 1990, Valley Bank purported to convey Tract I to Randy and Nelda Burnside.

17.     By Deed of Trust recorded October 19, 1990, Randy and Nelda Burnside purported to convey an interest in the Subject Property to First Financial Corporation to secure the sum of $55,000 in indebtedness.

18.     Pursuant to a Personal Representative's Deed recorded February 9, 2010, Randy Burnside, as the Personal Representative of the estate of Nelda Burnside, deceased, purported to convey an interest in Tract II to Randy Burnside.

## RECORDED TAX LIENS AGAINST THE PROPERTY

19.     In accordance with 26 U.S.C. § 6323(f), on May 6, 2011, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien with the Teton County Recorder against C. Lynn Moses for unpaid federal income tax liabilities for taxable years 1999-2002.

20.     The Notice of Federal Tax Lien referred to in paragraph 19, above, was not refiled by the date on which the Notice indicated that it would operate as a certificate of release as defined by 26 U.S.C. § 6325(a) if the Notice had not been refiled by that date. In accordance with 26 U.S.C. § 6325(f)(2), a duly authorized delegate of the Secretary of the Treasury revoked this certificate of release and reinstated the lien by timely and properly filing notice of such revocation with the Teton County Recorder on February 9, 2016, and by subsequently mailing notice of such revocation to C. Lynn Moses at his last known address.

21.     In accordance with 26 U.S.C. § 6323(f), on February 9, 2016, a duly authorized delegate of the Secretary of the Treasury timely and properly refiled a Notice of Federal Tax Lien with the Teton County Recorder against C. Lynn Moses for unpaid federal income tax liabilities for taxable years 1999-2002.

22.     In accordance with 26 U.S.C. § 6323(f), on September 6, 2017, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a nominee Notice of Federal Tax Lien with the County Recorder for Teton County, Idaho, against Randy Burnside, as the nominee of C. Lynn Moses for unpaid federal income tax liabilities for taxable years 1999-2002.

## COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS AGAINST C. LYNN MOSES TO JUDGMENT

23.     The United States incorporates the allegations stated in paragraphs 1 through 22, above.

24.     On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against C. Lynn Moses for unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions as follows:

5

| Tax Type | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance* |
|---|---|---|---|---|---|
| 1040 | 1999 | 01/02/2006 | Tax Assessed: | $17,160.00 | |
| | | 01/02/2006 | Estimated Tax Penalty: | $830.47 | |
| | | 01/02/2006 | Late Filing Penalty: | $3,101.00 | |
| | | 01/02/2006 | Failure to Pay Penalty: | $4,290.00 | |
| | | 01/02/2006 | Interest Assessed: | $8,936.09 | |
| | | 10/24/2016 | Interest Assessed: | $15,250.00 | |
| | | 10/23/2017 | Interest Assessed: | $8,936.09 | $40,479.60 |
| 1040 | 2000 | 01/02/2006 | Tax Assessed: | $7,930.00 | |
| | | 01/02/2006 | Estimated Tax Penalty: | $413.00 | |
| | | 01/02/2006 | Late Filing Penalty: | $1,730.00 | |
| | | 01/02/2006 | Failure to Pay Penalty: | $1,982.50 | |
| | | 01/02/2006 | Interest Assessed: | $2,945.59 | |
| | | 10/24/2016 | Interest Assessed: | $8,966.35 | |
| | | 10/23/2017 | Interest Assessed: | $962.73 | $26,424.41 |
| 1040 | 2001 | 01/02/2006 | Tax Assessed: | $5,905.00 | |
| | | 01/02/2006 | Estimated Tax Penalty: | $228.00 | |
| | | 01/02/2006 | Late Filing Penalty: | $1,297.00 | |
| | | 01/02/2006 | Failure to Pay Penalty: | $1,328.62 | |
| | | 01/02/2006 | Interest Assessed: | $1,563.13 | |
| | | 05/07/2007 | Failure to Pay Penalty: | $147.63 | |
| | | 10/24/2016 | Interest Assessed: | $6,296.43 | |
| | | 10/23/2017 | Interest Assessed: | $674.88 | $18,523.45 |
| 1040 | 2002 | 01/02/2006 | Tax Assessed: | $7,290.00 | |
| | | 01/02/2006 | Estimated Tax Penalty: | $219.26 | |
| | | 01/02/2006 | Late Filing Penalty: | $1,640.25 | |
| | | 01/02/2006 | Failure to Pay Penalty: | $1,202.85 | |
| | | 01/02/2006 | Interest Assessed: | $1,326.85 | |
| | | 05/07/2007 | Failure to Pay Penalty: | $619.65 | |
| | | 10/24/2016 | Interest Assessed: | $7,522.18 | |
| | | 10/23/2017 | Interest Assessed: | $806.19 | $22,127.60 |
| **TOTAL:** | | | | | **$107,555.06** |

* The unpaid balances are accurate as of April 2, 2019. All balances include accrued but unassessed interest as of these dates.

25.     Timely notice was given and demand for payment of the assessments set forth in

paragraph 24, above, was made to C. Lynn Moses, as required by 26 U.S.C. § 6303 of the

Internal Revenue Code.

26.     Despite timely notice and demands for payment of the tax assessments described in paragraph 24, above, C. Lynn Moses has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

27.     C. Lynn Moses remains indebted for the balance of the assessments described in paragraph 24 above, plus accrued interest and statutory additions according to law, less any payments or credits.

28.     Since the date of the assessments described in paragraph 24, above, interest has accrued as provided by law. The total amount due and owing on the assessments described in paragraph 24, above, plus accrued but unassessed interest, computed to April 2, 2019, is $107,555.06.

29.     The action to reduce the assessments described in paragraph 24, above, is timely under 26 U.S.C. § 6502.  The statute of limitations under Section 6502 for bringing suit was extended by at least 1,358 days pursuant to 26 U.S.C. § 6330(e) by C. Lynn Moses's request for a collection due process hearing under 26 U.S.C. § 6330(a)(3)(B). *See also* 26 C.F.R. § 301.6330-1(g). Mr. Moses's request for a hearing was received on August 10, 2011, and the final determination with respect to this hearing was not made until the U.S. Tax Court entered its decision on January 29, 2015.

30.     The Tax Court decision referred to in paragraph 29, above, determined that Mr. Moses was liable for taxes and penalties in the amounts reflected in paragraph 24, above.

### COUNT TWO: RANDY BURNSIDE HOLDS TITLE TO THE SUBJECT PROPERTY ONLY AS THE NOMINEE/ALTER-EGO/CONSTRUCTIVE TRUST OF C. LYNN MOSES

31.     The United States incorporates the allegations stated in paragraphs 1 through 30, above.

32.     Based upon information and belief, Mr. Moses continued to have control of the Subject Property after its purported transfer to Mr. Burnside.

33.     Based upon information and belief, Mr. Moses often resided in the Subject Property after its purported transfer to Mr. Burnside, typically in the summers.

34.     Based upon information and belief, Mr. Moses often rented the Subject Property to third parties after its purported transfer to Mr. Burnside, typically in the winters. Mr. Moses received the rental income from such rentals.

35.     Based upon information and belief, Mr. Moses usually paid the property taxes associated with the Subject Property after its purported transfer to Mr. Burnside.

36.      Mr. Burnside has told the IRS that the intent behind the purported transfer of the Subject Property to him and his now deceased wife was to help Mr. Moses, that the plan was for Mr. Moses to get the property back, and that he has always considered the house on the Subject Property to be Mr. Moses's house.

37.     Mr. Moses was convicted of violating the Clean Water Act, and a judgment was obtained against him related to this conviction. In connection with this judgment, a nominee lien was recorded on 12-28-2009 against Mr. Burnside as the nominee for Mr. Moses due to a pattern of Mr. Moses transferring assets to Mr. Burnside in an attempt to avoid collection.

38.     Mr. Moses maintains complete dominion and control over the Subject Property, and enjoys all the incident benefits and burdens of ownership.  Mr. Burnside has in no way interfered with his enjoyment or use of the Subject Property.

39.     Based upon information and belief, Mr. Burnside paid no consideration for the Subject Property, and any consideration for the purchase of the Subject Property came from Mr. Moses.

United States of America's COMPLAINT
(Case No. 4:19-cv-108)

40.     To the extent that Mr. Burnside holds an interest in the Subject Property, he does

so as the nominee or alter-ego of Mr. Moses, or in constructive trust for Mr. Moses. Any claim

or interest in the Subject Property by Mr. Burnside is fraudulent and/or non-existent.  Any such

claims were part of a scheme to defraud creditors of Mr. Moses, including the United States,

and have no merit.

41.     The United States is entitled to an order that the Subject Property is deemed to be

solely the property of Mr. Moses.

## COUNT THREE:  FORECLOSE FEDERAL TAX LIENS

42.     The United States incorporates the allegations stated in paragraphs 1 through 41,

above.

43.     Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax

liabilities arose in favor of the United States as of the dates of all of the assessments described

in paragraph 24 above, against all property or rights to property, whether real or personal,

belonging to Mr. Moses, including the Subject Property. In addition, said liens immediately

attached to all after-acquired property or rights to such property.

44.     The tax liens arising from the assessments described in paragraph 24, above,

continue to attach to the Subject Property and have priority over all interests in the Subject

Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. §

6323(a).

45.     Under 26 U.S.C. § 7403(c), the United States is entitled to enforce its federal tax

liens against the Subject Property, which should be sold free and clear of all rights, titles, liens,

claims, and interests of the parties to this action, with an appropriate portion of the net proceeds

to be distributed to the United States for application toward the unpaid federal tax liabilities of Mr. Moses in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the United States of America, prays that the Court adjudge and decree as follows:

A.    That this Court determine and adjudge that Mr. Moses is indebted to the United States on the assessments described in paragraph 24, above, in the amount of $107,555.06, as of April 2, 2019, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against C. Lynn Moses and in favor of the United States;

B.    That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property of C. Lynn Moses, including, but not limited to, his interest in the Subject Property;

C.    That this Court determine and adjudge that Randy Burnside holds title to the Subject Property as the nominee/alter-ego/constructive trustee of C. Lynn Moses, that the United States has valid and subsisting federal tax liens against Randy Burnside as the nominee/alter-ego/constructive trustee of C. Lynn Moses, and that such liens attach to the Subject Property;

D.    That the Subject Property be sold with the proceeds applied to the delinquent federal tax liabilities of C. Lynn Moses;

United States of America's COMPLAINT
(Case No. 4:19-cv-108)

E.      That this Court determine the merits and priority of any claims or interests of the

defendants in the Subject Property and their respective priority to a distribution of proceeds

from a sale of the Subject Property;

F.      That to the extent proceeds for the sale of the Subject Property fail to satisfy the

tax liens against C. Lynn Moses, a deficiency judgment in that amount be entered against Mr.

Moses; and

G.      That the United States be granted its costs and fees herein, and such other and

further relief as this Court deems just and proper.


Respectfully submitted this 3rd day of April, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Landon M. Yost*
LANDON M. YOST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-2144 (v)
202-307-0054 (f)
Landon.M.Yost@usdoj.gov

Of Counsel:
BART M. DAVIS
United States Attorney
District of Idaho

11

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | C. Lynn Moses, Randy A. Burnside |

| (b) County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Bonneville**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Landon Yost, 555 4th Street NW, Washington, D.C. 20001, (202) 307-2144 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government
   Plaintiff

☐ 2 U.S. Government
   Defendant

☐ 3 Federal Question
   *(U.S. Government Not a Party)*

☐ 4 Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   Another District
   *(specify)*

☐ 6 Multidistrict
   Litigation -
   Transfer

☐ 8 Multidistrict
   Litigation -
   Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 7401

Brief description of cause:
Action to reduce federal tax assessments to judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE<br>04/03/2019 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev  02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____<br>*Plaintiff(s)*<br>v.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: