UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>C. LYNN MOSES; and RANDY A. BURNSIDE,<br><br>Defendants. | Case No. 4:19-cv-00108-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Pending before the Court is the United States' Motion for Summary Judgment against Defendant C. Lynn Moses. Dkt. 16. On July 27, 2020, the Court held oral argument and took the motion under advisement. Upon review, and for the reasons set forth below, the Court finds good cause to GRANT the United States' Motion for Summary Judgment.

## II.  BACKGROUND

On April 3, 2019, the United States filed a Complaint against Randy A. Burnside and C. Lynn Moses. The Government asked the Court, pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403, to (1) reduce to judgment the outstanding federal tax assessments against C. Lynn Moses; (2) find that a parcel of real property located in Teton County ("Subject Property") was held by a nominee/alter-ego/constructive trust of Moses; (3) foreclose federal tax liens on the Subject Property;

MEMORANDUM DECISION AND ORDER-1

and (4) sell the Subject Property and distribute the proceeds from the sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties. Dkt. 1.

On September 3, 2019, the Government moved for Clerk's entry of default against Burnside. Dkt. 8. Although Burnside was served with a copy of the complaint and summons, he never filed an answer or responsive pleading in the matter. The Clerk of the Court entered default judgment against Burnside on September 6, 2019. Dkt. 14.

On February 28, 2020, the Government filed the pending motion for summary judgment (Dkt. 16) and a motion for default judgment as to Burnside (Dkt. 17).

On April 15, 2020, the Court granted the Government's unopposed motion for default judgment as to Burnside and extinguished any interest Burnside may have held in the Subject Property. Dkt. 22.

## III.    LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[ ] the facts in the non-moving party's favor." *Id*. To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. (citation omitted).

MEMORANDUM DECISION AND ORDER-2

Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV.   DISCUSSION

In order to enforce its tax liens, 26 U.S.C § 7403 empowers the United States to join all parties with an interest in the subject property and request a judicial sale of the property. *See United States v. Rodgers*, 461 U.S. 677, 461, 677, 691–92 (1983); *In re Pletz*, 221 F.3d 1114, 1118 (9th Cir. 2000). Section 7403(c) states, in relevant part, that:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C § 7403(c).

Here, the United States seeks summary judgment (1) to reduce Moses' debt for unpaid taxes to judgment in the amount of $109,945.97, as of February 10, 2020, for federal income tax liabilities (Form 1040) for the tax years 1999-2002, plus other statutory additions from February 10, 2020, in accordance with 28 U.S.C. § 1961(c)(1) and 26

MEMORANDUM DECISION AND ORDER-3

U.S.C. §§ 6601, 6621, and 6621, until judgment is paid in full, and (2) an order for foreclosure of the Subject Property pursuant to 26 U.S.C § 7403. Dkt. 16-1, at 10.

Moses responded to the Government's motion by filing an affidavit. Dkt. 24. In Moses' affidavit, he does not dispute he is indebted to the United States or oppose reduction of his debt. He does oppose the foreclosure of his property at this time.

Moses has not raised a genuine dispute of material fact as to whether the tax assessments against him are invalid. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *United States v. Polk*, 822 F.2d 871, 873 (9th Cir. 1987) (holding a federal tax lien is presumptively valid if Form 668 is properly completed and filed in the correct location). As there is no dispute of fact, the Court GRANTS summary judgment to the United States' for its claim to reduce the Moses' tax assessments to judgment.

The Government also seeks an order for foreclosure of the Subject Property. Moses argues such foreclosure would be inappropriate. Moses alleges there is an error (an inaccurate legal description of the Subject Property) in the quitclaim deed that transfers interest in the Subject Property from Burnside to Moses. He contends the alleged error clouds the quitclaim deed and prevents foreclosure of the Subject Property. By his own arguments, the only other party that might have a claim to the Subject Property, due to the alleged error, is Burnside, a named party in this case.

MEMORANDUM DECISION AND ORDER-4

Moses specifically argues that "for all practical purposes . . . Burnside and his spouse no longer [has] an interest in the [Subject Property]," but did not correctly record the transaction. Dkt. 24, at 3. Moses states that after Burnside was served with this lawsuit, Burnside, "wanted to get out of the litigation as quickly as possible without further involvement" and so signed the quitclaim deed to renounce his interest in the Subject Property. *Id*. Moses contends that the legal description in the quitclaim deed of the Subject Property, hastily signed and recorded by Burnside, is erroneous. Moses specifically asserts the quitclaim description of the property that refers to the distance ". . . .; Thence E 600 feet, more or less to a directly West of the point of beginning:" is inaccurate. Dkt. 24, at 9–10. To support his claim, he attached the Warranty Deed and the Quitclaim Deed to his affidavit. He argues that (due to the error) the Subject Property is fragmented with Moses owning the front portion, Burnside the rear. The alleged error causes the front parcel to be "too small" and the second to be "in essence" landlocked. Dkt. 24, at 4. Thus, the title is clouded and the Subject Property cannot be sold.

The Government replied that the alleged error in the legal description is irrelevant. The Government argues that, pursuant to Burnsides' and Moses' own admissions, Moses is the sole individual with interest in the Subject Property and that the Court has authority under Section 7403(c) to adjudicate all matters relating to the ownership of the Subject Property.

The Government has complied with Section 7403 by filing its counterclaims for foreclosure naming all parties "having liens upon or claiming any interest in the property involved in such action" at the time of filing. *See also United States v. Hiatt*, No. MC09-

MEMORANDUM DECISION AND ORDER-5

5020JRC, 2010 WL 342565, at *1 (W.D. Wash. Jan. 29, 2010) (holding that where there is a cloud on a property's title that is being levied upon by the Internal Revenue Service, it is appropriate to "file a separate foreclosure action pursuant to 26 U.S.C. §§ 7401 and 7403 so that the rights and interests, if any, of [the third-party] may be properly adjudicated"); *see also Ansel Capital Inv., LLC v. U.S. ex rel. I.R.S.*, 448 F. App'x 709, 711 (9th Cir. 2011) (citing *Fox v. Clarys,* 227 Mont. 194, 738 P.2d 104, 105 (1987) (explaining that a notice of lis pendens "generally renders third persons who subsequently purchase or encumber an interest in the subject property bound by the final disposition of the action"). Burnside, as a party potentially claiming an interest in the property involved in this action at the time of the filing, was named by the Government as a defendant in this case. Since then, on April 15, 2020, the Court:

> . . . extinguish[ed] any interest Burnside may hold in the real property commonly known as 766 N. Highway 33, Driggs, ID, 83442. The real property is legally described as follows:
>
>> Beginning at a point 110 feet North of the Southeast corner of NE ¼ NW ¼ of Section 26, Township 5 North, Range 45 East, Boise Meridian, Teton County, Idaho, and running thence South 110 feet; thence West 585 feet, more or less, to the East boundary of the Union Pacific Railroad right of way; thence Northwesterly along said right of way boundary 114 feet, more or less, to a point directly West of the point of beginning; thence East 600 feet, more or less, to the point of beginning.

Dkt. 22, at 1. Thus, the Court held, when issuing the default judgment against Burnside, that any interest Burnside may have held in the Subject Property was extinguished.

All parties agree that the only other party that might have a claim to the Subject Property, due to the alleged error, is Burnside. The Court has granted Burnside notice and

an opportunity to claim interest in the Subject Property. Through his non-opposition, Burnsides has admitted he has no interest in the Subject Property. Thus, there is no dispute that Moses is the sole party holding an interest in the Subject Property.

Accordingly, pursuant to 26 U.S.C. § 7403, the Court orders the foreclosure and sale of the Subject Property to satisfy Moses' outstanding debt to the United States. *See United States v. Kubon*, 796 F. App'x 449, 450 (9th Cir. 2020) ("The district court properly granted summary judgment for the United States because the Kubons failed to raise a genuine dispute of material fact as to whether the tax assessments against them or the liens against their property were invalid."); *United States v. McGrew*, 669 F. App'x 831, 832 (9th Cir. 2016) ("The United States was entitled to foreclose upon and sell the residence for the purpose of satisfying those liens.") (citing 26 U.S.C. § 7403(c)).

A separate Order of Foreclosure and Judicial Sale will follow this Order.

## V.   ORDER

It is HEREBY ORDERED:

1. The United States' Motion for Summary Judgment (Dkt. 16) is GRANTED.

2. A separate Order of Foreclosure and Judicial Sale will follow this Order.

DATED: September 3, 2020

David C. Nye
Chief U.S. District Court Judge