UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>Plaintiff,<br><br>vs.<br><br>C. LYNN MOSES; and Randy Burnside,<br><br>Defendants. | Case No. 4:19-cv-00108-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Pending before the Court is Defendant C. Lynn Moses's Motion for Stay Pending Appeal. Dkt. 35. The Government responded to the Motion. Dkt. 36. Moses did not file a reply, and the time for doing so has passed. The matter is now ripe for review.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court denies Moses's request for an order staying execution and enforcement pending appeal. However, pursuant to the Government's request, the Court will temporarily stay the Order of Sale (Dkt. 30).

## II.     BACKGROUND

On April 3, 2019, the Government filed this suit to reduce to judgment federal

MEMORANDUM DECISION AND ORDER-1

income tax assessments made against Moses between 1999 and 2002, and to foreclose the related federal tax liens against Moses upon certain real property commonly described as 766 North Highway 33, Driggs, ID 83442 (the "Subject Property"). At the time the suit was filed, the Subject Property was nominally held by defendant Randy Burnside. Shortly after Burnside was served with the Government's Complaint, he transferred the property back to Moses. The Court later entered default judgment against Burnside, extinguishing any interest Burnside may have held in the Subject Property. Dkt. 23.

On September 3, 2020, the Court granted the Government's motion for summary judgment against Moses. Dkt. 28. Despite the Court's Order, the Government advised Moses that it was not opposed to cooperating with him to achieve an alternative to foreclosure, such as a refinance or other mechanism that would allow Moses to cash out enough equity in the Subject Property to pay off his tax liability.[1] Dkt. 36, at 2. Although the Government asked Moses if he had made efforts to refinance, or to otherwise obtain an alternative to foreclosure, on September 14, 2020, and again on November 16, 2020, Moses never responded. *Id.*

The Court subsequently entered both a judgment against Moses (Dkt. 29), and an Order of Sale (Dkt. 30) of the Subject Property. Moses filed an appeal of the Court's judgment with the Ninth Circuit. Dkt. 31. Shortly thereafter, Moses filed the instant Motion for Stay Pending Appeal. Dkt. 35. In his motion, Moses suggests there is sufficient equity in the Subject Property to allow him to pay off the Government's judgment. *Id.* at 2. Moses

---

[1] As of February 10, 2020, the Government's judgment against Moses was for $109,945.97, plus certain statutory additions. Dkt. 29.

MEMORANDUM DECISION AND ORDER-2

asks the Court to stay execution of the judgment while his appeal is heard, and also requests

waiver of the bond required under Federal Rule of Civil Procedure 62. *Id.* The Government

objects to the Motion to Stay. Dkt. 36. However, in order to provide Moses with assurance

that it is still interested in pursuing an alternative to foreclosure, the Government "requests

that the Court deny the motion but separately stay the order of sale until such time as the

United States files a status report with the Court notifying it that it wishes to move forward

with the foreclosure." *Id.* at 3.

### III.   DISCUSSION

**A. Modification or Waiver of the Bond Requirement under Rule 62(b)**

*1. Legal Standard*

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is

entered, a party may obtain a stay by providing a bond or other security."[2] A bond or other

security protects the prevailing party "from the risk of a later uncollectible judgment and

compensates him for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859

F.2d 818, 819 (9th Cir. 1988); *see also United States v. Birdsong*, No. CV 17-72-M-DWM,

2019 WL 1026277, at *2 (D. Mont. Mar. 4, 2019) ("The purpose of Rule 62(b)'s bond

requirement is to secure the prevailing party against the risk of being unable to collect the

judgment."). A district court has discretion to modify or waive the bond requirement. *Int'l*

*Telemeter v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985); *Rachel v. Banana*

---

[2] Rule 62 was amended in 2018 to reorganize and revise the provisions for staying a judgment. Rule 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d). . . . The new rule's text makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment.

MEMORANDUM DECISION AND ORDER-3

*Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987).

"Although the Ninth Circuit has not articulated what factors should be considered when determining whether to waive the bond requirements, courts within the circuit have often considered those laid out in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988)." *San Diego Comic Convention v. Dan Farr Productions*, No. 14-CV-1865 AJB (JMA), 2018 WL 4852199, at *2 (S.D. Cal. Oct. 5, 2018) (internal quotation marks omitted) (collecting cases). The five *Dillon* factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court had in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the costs of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id*. (quoting *Dillon*, 866 F.2d at 904–07)

While a district court has inherent discretion to modify the bond requirement, "the burden is on the moving party to demonstrate the reasons for 'departing from the usual requirement of a full security supersedeas bond.'" *Estate of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1037 (E.D. Cal. 2020) (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)); *see also Abbywho v. Interscope Records*, No. CV 06-06724 MMM (JTLx), 2008 WL 11406049, at *4 (C.D. Cal. Aug. 25, 2008) ("If the judgment debtor is unable to post a full supersedeas bond, it is the judgment debtor's responsibility to convince the court that posting a full bond is impracticable and to propose an alternative plan that would sufficiently guarantee the

MEMORANDUM DECISION AND ORDER-4

judgment creditor's interests." (citation omitted)); *Biltmore Assocs., L.L.C., v. Twin City Fire Ins. Co.*, No. 2:05-CV-04220-PHX-FJM, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007) ("[T]he posting of a bond is itself a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money. Accordingly, to depart from the usual requirement of a full security supersedeas bond the moving party must demonstrate reasons for such departure." (cleaned up)). Because a stay operates for the appellant's benefit and deprives the appellee of the immediate benefit of his judgment, "a full supersedeas bond should be the requirement in normal circumstances." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-cv-02061-H-BGS, 2019 WL 1542110, at *3 (S.D. Cal. Apr. 8, 2019) (citations omitted).

   *2. Analysis*

   As noted, Moses has not filed a bond or other security in order to stay execution of the Government's judgment. Moses also does not propose an alternative to posting a bond, but instead simply maintains there is "[s]ufficient equity in the property involved to more than satisfy the Judgment and [a]ny further costs which might be incurred and awarded as a result of the appeal." Dkt. 35, at 1. Moses also contends, without any further elaboration or evidentiary support, "[f]ailure to [s]tay execution will result in substantial loss of value and equity to the Defendant." *Id.* at 2.

   Simply put, Moses's conclusory allegations fall far short of meeting his burden to convince the Court that departure from the usual requirement of a full supersedeas bond is warranted. *See Estate of Casillas*, 2020 WL 3802749, at *1. The first two *Dillon* factors also weigh against waiving the bond requirement. As the Government highlights, Moses

MEMORANDUM DECISION AND ORDER-5

has not paid his tax liabilities for over twenty years, despite the IRS's collection efforts. Dkt. 36, at 2. Moses also placed the Subject Property in Burnside's name, in an apparent attempt to avoid a tax lien. *Id.* The Government was forced to file this lawsuit, to obtain a default judgment against Burnside, and to secure summary judgment against Moses, in order to obtain its judgment to satisfy Moses's longstanding tax liabilities. Through twenty years of delay and obfuscation, Moses has illustrated both that collecting the judgment could be anything but simple, and that it may take the Government substantial time to obtain payment if the judgment is affirmed on appeal.

Moses implies the third *Dillon* factor weighs in favor of waiving the bond requirement because the Subject Property is worth more than the Government's judgment. However, Moses does not offer any evidence to support this claim. Moses simply suggests, "Defendant, a former Real estate Broker, represents that he is familiar with property values in Teton County Idaho and that the property is worth in excess of $400,000 while the debt was, as of the date of Judgment, $109,945.97." Dkt. 35, at 2. Moses does not provide an appraisal—or even a sworn declaration—to support this contention. Further, as the Government highlights, Moses has not provided any evidence to suggest the Subject Property will not decrease in value while his appeal is pending. Dkt. 36, at 6; *United States v. Melot*, No. CV 09-0752 JH/WPL, 2012 WL 2914224, at *4 (D.N.M. May 23, 2012) ("[T]he [defendants] will have little interest in the upkeep of their properties now that it appears that the United States will be able to sell them to collect on the judgment against them. Thus, there is a real risk that the properties could decrease in value if a stay were imposed without the posting of a supersedeas bond, and the United States would be harmed

MEMORANDUM DECISION AND ORDER-6

as a result."); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325–26 (M.D. Fla. 2011) ("To secure the United States' judgment with O'Callaghan's residence alone would leave the judgment subject to the whims of the housing market and O'Callaghan's willingness to maintain the value of the residence. . . . Worse, a person has little incentive to maintain a property he is likely to lose."). Thus, the third *Dillon* factor weighs against waiving a full bond because the Court is not confident in the availability of funds to pay the judgment should Moses lose his appeal.

The Court lacks evidence to assess the final two *Dillon* factors. Moses has not offered any evidence regarding his financial condition, ability to pay the judgment, or the position of his other creditors. *Dillon*, 866 F.2d at 905. A judgment debtor has the burden to "objectively demonstrate" the reasons for departing from the usual requirement of a full supersedeas bond. *Poplar Grove*, 600 F.2d at 1191. "It is not the burden of the judgment creditor to initiate contrary proof." *Id.* Without any information regarding his financial condition, it is impossible for the Court to assess whether Moses has an ability to pay the judgment or whether foreclosure would place Moses's other creditors in an unsecured position. *Taylor v. Horizon Distrib., Inc.*, No. CV-07-1984-PHX-DGC, 2010 WL 582108, at *1 (D. Ariz. Feb. 17, 2010) (declining to waive bond requirement where judgment debtor did not provide evidence to support his contention that his other creditors would be harmed absent a stay pending appeal). Moreover, even if Moses had sufficiently established either the fourth or the fifth *Dillon* factors, the other three factors weigh against waiving the bond requirement.

In the absence of any effort by Moses to address the *Dillon* factors or to propose a

MEMORANDUM DECISION AND ORDER-7

viable security alternative that would adequately protect the Government's interest in its

judgment, Moses's request for a waiver of the bond requirement is DENIED.

## B. Stay of Enforcement and Execution

### 1. Legal Standard

In opposing Moses's motion, the Government suggests the Court's discretion in

granting a stay without a bond is guided by the traditional stay standard outlined in *Nkhen*

*v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776

(1987)).[3] Under the *Hilton* test, a court considers four factors: "(1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Hilton*, 481 U.S. at 776.; "The first two factors of the traditional standard are

the most critical." *Nkhen*, 556 U.S. at 434. "The party requesting a stay bears the burden

of showing that the circumstances justify an exercise of [the court's] discretion." *Id.*

Some courts have recognized "that the *Hilton* test, while applicable to appeals

involving injunctive relief, does not apply to motions to stay money judgments." *Pacific*

*Rim Land Dev.*, No. 19-cv-00016, 2020 WL 4361150, at *2 (D. N. Mariana Islands June

4, 2020) (collecting cases).[4] "The criteria in *Dillon*, 'in contrast to the traditional stay

---

[3] Although the Government refers to the "*Nkhen* factors," such factors were set forth in *Hilton*, 481 U.S. at 776, and are typically referred to as the "*Hilton* factors" or "*Hilton* test." *Golden Gate Rest. Ass'n v. City & Cty. of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008).

[4] *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018); *Educ. Logistics, Inc. v. Laidlaw Transit, Inc.*, No. CV 07-06-M-DWM, 2013 WL 12134035, at *1 n.1 (D.

(continued)

factors, more directly address the primary purpose [of former Rule 62(d), now Rule 62(b)]: to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed." *Id.* (quoting *In re Nassau Cty.*, 783 F.3d 414, 418 (2d Cir. 2015)). While the Court agrees that the *Dillon* factors best address the concerns of staying a money judgment, whereas the *Hilton* factors are more appropriately applied to stays of injunctive relief, Moses fails to satisfy the traditional stay standard even if the Court were to consider his motion under *Hilton*.

First, Moses does not make any argument regarding his likelihood of success on the merits—much less even identify the basis for his appeal. Without raising any facts that were not previously considered by the Court in issuing its judgment or identifying any concrete legal arguments that could be considered on appeal, Moses falls far short of establishing a likelihood of success on the merits.

Second, as noted, Moses's conclusory allegation that denying a stay will "result in substantial loss of value and equity," lacks any evidentiary support. Dkt. 35, at 2. Further, the Government highlights that, in the slight chance Moses were to prevail on his appeal, the Government would return any money collected from the sale of the Subject Property. Dkt. 36, at 5; *see also United States v. Martin*, No. 5:99 CV 1131, 2001 WL 790240, at *1 (N.D. Ohio May 30, 2011) ("The loss of the subject property, in and of itself, does not necessarily form an adequate basis for the exercise of the Court's discretion to stay

---

Mont. May 13, 2013); *Bolt v. Merrimack Pharm., Inc.*, No. S-04-0893 WBS DAD, 2005 WL 2298423, at *2 (E.D. Cal. Sept. 20, 2005); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1161 (E.D. Pa. 1993). *But see Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 n.4 (1st Cir. 2002) ("It is at least arguable that a monetary judgment may also be stayed under the traditional standard for issuing injunctions.").

MEMORANDUM DECISION AND ORDER-9

execution of its judgment."). Moreover, to the extent loss of the Subject Property (despite compensation for such loss if Moses's appeal is successful) would constitute irreparable injury, the Government has repeatedly expressed a willingness to delay proceeding with a foreclosure sale in favor of an alternative payment arrangement. Dkt. 36, at 6. Moses has thus far ignored such advances. *Id.* at 2. However, that the Government requests a stay of the Order of Sale while it again attempts to work with Moses to collect its judgment establishes Moses will *not* suffer irreparable injury in the absence of a stay of the judgment.

Third, as discussed above with respect to the third *Dillon* factor, a stay would substantially injure the interests of the Government in collecting its judgment. There is no guarantee that the Subject Property will maintain its value given the whims of the housing market and/or Moses's potential disincentive to prevent the Subject Property from deteriorating in light of the Government's judgment.

Fourth and finally, Moses has not identified any public interest which would be served by a stay pending appeal. To the contrary, the public interest favors prompt collection of delinquent taxes. *O'Callaghan*, 805 F. Supp. 2d at 1328; *see also Pacific Rim Land Dev.*, 2020 WL 4361150, at *3 (explaining the public interest lies with "the uniform application of the law to all members of [the] community.") This Court entered judgment against Moses for outstanding federal taxes dating back to 1999. A stay would only further lengthen the time period for the Government to collect Moses's delinquent taxes and is contrary to public interest.

Because all four of the *Hilton* factors weigh against a stay pending appeal, Moses's request is denied.

MEMORANDUM DECISION AND ORDER-10

## IV.     CONCLUSION

In sum, Moses has failed to justify a modification or waiver of the bond requirement under Rule 62(b), or a stay of execution pursuant to *Hilton*, pending appeal. The Government is entitled to continue its efforts to collect taxes that have been due for many years, and a stay of its judgment is improper. Nevertheless, the Court will grant the Government's request for a stay of the Order of Sale, pending additional attempts to obtain payment from Moses through a refinance or other means. Such stay protects Moses's interest in the Subject Property, while also allowing the Government to pursue a potential alternative to foreclosure to satisfy its judgment.

## V.     ORDER

Now, therefore, IT IS HEREBY ORDERED:

1.  The Motion for Stay Pending Appeal (Dkt. 35) is **DENIED**;

2.  The Order of Sale (Dkt. 30) is temporarily **STAYED**. The stay will be lifted if the Government files a status report notifying the Court that it wishes to move forward with the foreclosure sale of the Subject Property.

DATED: April 23, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER-11