UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C. LYNN MOSES,<br><br>　　　　Defendant.[1] | Case No. 4:19-cv-00108-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff United States of America's (the "Government") Status Report and/or Motion to Lift the Stay of the Court's Order of Sale ("Government's Motion"). Dkt. 40. Moses did not file a response to the Government's Motion, and the time for doing so has passed. The matter is now ripe for review.

Having reviewed the record and the Government's Motion, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Government's Motion is GRANTED, and the stay of the Court's Order of Sale (Dkt. 30) is lifted.

---

[1] Randy A. Burnside was terminated as a defendant in this matter when the Court entered Judgment against him on April 15, 2020. Dkt. 23.

MEMORANDUM DECISION AND ORDER-1

## II.    BACKGROUND

On April 3, 2019, the Government filed this suit to reduce to judgment federal income tax assessments made against Moses between 1999 and 2002, and to foreclose the related federal tax liens against Moses upon certain real property commonly described as 766 North Highway 33, Driggs, ID 83442 (the "Subject Property"). On September 3, 2020, the Court granted the Government's Motion for Summary Judgment against Moses. Dkt. 28.

Although it prevailed on summary judgment, the Government advised Moses that it was not opposed to cooperating with him to achieve an alternative to foreclosure, such as refinancing or other mechanism that would allow Moses to cash out enough equity in the Subject Property to pay off his tax liability.[2] Dkt. 36, at 2. The Government thereafter repeatedly asked Moses if he had made efforts to refinance, or to otherwise obtain an alternative to foreclosure, but Moses never responded. *Id.*

The Court subsequently entered Judgment against Moses (Dkt. 29), and entered an Order of Sale (Dkt. 30) of the Subject Property. Moses subsequently filed an appeal of the Court's judgment with the Ninth Circuit.[3] Dkt. 31. Shortly thereafter, Moses filed a Motion for Stay Pending Appeal, asking the Court to stay execution and enforcement of the Judgment pending his appeal. Dkt. 35. The Government opposed Moses's Motion, but

---

[2] As of February 10, 2020, the Government's judgment against Moses was for $109,945.97, plus certain statutory additions. Dkt. 29.

[3] Although the Ninth Circuit initially dismissed Moses's appeal for failure to prosecute (Dkt. 39), it subsequently reinstated the appeal and allowed Moses additional time to file an opening brief. The appeal remains pending. *United States of America v. C. Lynn Moses and Randy A. Burnside*, No. 21-35105 (9th Cir. filed February 8, 2021).

MEMORANDUM DECISION AND ORDER-2

requested that the Court nevertheless temporarily stay the Order of Sale while the Government again attempted to work with Moses to obtain payment through a refinance or other means. Dkt. 36.

On April 23, 2021, the Court's denied Moses's Motion for Stay Pending Appeal, but temporarily stayed the Order of Sale, noting that the "stay will be lifted if the Government files a status report notifying the Court that it wishes to move forward with the foreclosure sale of the Subject Property." Dkt. 38, at 11. The Government has continued to attempt to work with Moses to obtain an alternative to foreclosure since the Court temporarily stayed the Order of Sale. However, Moses has not communicated with the Government since July 14, 2021. On November 23, 2021, the Government made one final attempt at communication, telling Moses that it would move forward with the foreclosure sale if he did not show, by January 1, 2022, that he had achieved refinancing or some other means to pay off the Judgment. Moses did not respond.

On January 7, 2022, the Government filed the instant Motion advising the Court of Moses's failure to satisfy the Judgment and requesting that the Court lift the temporary stay so the Government can proceed with the foreclosure sale of the Subject Property. Moses did not respond to the Government's Motion.

### III. ANALYSIS

The Court incorporates its Order denying Moses's Motion for Stay Pending Appeal (Dkt. 38) by reference. Moses has never posted, or offered to post, a supersedeas bond. He is thus not entitled to a stay as a matter of right under Federal Rule of Civil Procedure 62(d). Nor, for the reasons outlined in the Court's Order, is Moses entitled to a discretionary

stay without bond.

Moreover, Moses's tax liabilities date back to 1999, with the most recent being from 2002. He has not paid these liabilities for twenty years despite the IRS's collection efforts. The Government was forced to file this suit to reduce Moses's liability to judgment and to foreclose on the Subject Property. The Government succeeded on summary judgment and obtained Judgment in its favor on January 27, 2021. Although the Government has since made multiple attempts to cooperate with Moses to achieve an alternative to a foreclosure sale, Moses has continuously ignored such efforts. Moses's obfuscation continued even when the Government extended him the extraordinary courtesy of asking the Court to temporarily stay its Order of Sale so Moses could refinance or otherwise satisfy his debt.

In short, Moses has had more than a year to file a supersedeas bond, to refinance, or to otherwise satisfy his long outstanding tax liabilities. He has not done so, and the Government is entitled to proceed with the foreclosure sale without further delay.

## IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. The Court's temporary stay of the Order of Sale (Dkt. 38) is **LIFTED**;

2. The Government may proceed with the foreclosure sale of the Subject Property.

DATED: February 2, 2022

David C. Nye
Chief U.S. District Court Judge